**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID GOODYKOONTZ,** | ) | **CASE NO. 1:24 CV 1309** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CUYAHOGA COUNTY, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff David GoodyKoontz filed this action against Cuyahoga County and his criminal defense attorneys Tom Shaughnessy, Frank Cavallo and Robert Botnick. In the Complaint (Doc. No. 1), Plaintiff claims his attorneys committed legal malpractice in representing him in his two criminal cases in the Cuyahoga County Court of Common Pleas. He also complains of conditions of confinement in the Cuyahoga County Jail prior to his admission to prison on July 28, 2022. He asserts claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 18 U.S.C. §§ 1589, 2255, and 1595, and 18 U.S.C. §§ 1964, 1962. He seeks monetary damages.

**I. BACKGROUND**

Plaintiff was convicted by a jury on February 24, 2022 in the Cuyahoga County Court of Common Pleas on a total of seventeen counts of pandering sexual material involving a minor, eleven counts of using a minor in nudity material, one count of possession of criminal tools, and

one count of gross sexual imposition. *See State of Ohio v. GoodyKoontz*, Nos. CR-20-647818-A, CR-19-641800 (Cuyahoga Cty Ct. Comm. Pl. July 14, 2022). The court sentenced him to an aggregate total of thirty-seven years incarceration on July 14, 2022. He entered prison fourteen days later. The Ohio Eighth District Court of Appeals upheld his convictions on September 14, 2023. He did not file a timely appeal to the Supreme Court of Ohio and his Motion to File a Delayed Appeal was denied in May 2024.

Plaintiff has now filed this action to challenge the legal representation he received at his criminal trial, and to object to conditions he encountered in the Cuyahoga County Jail awaiting trial. His Complaint is difficult to decipher. It contains few factual allegations or dates, making it hard to determine exactly what took place and when it occurred. His Complaint is also repetitive and is, at times, clearly delusional.

Mr. Shaughnessy, Mr. Cavallo and Mr. Botnick all represented Plaintiff in the course of his criminal prosecution. He indicates he is bringing claims of legal malpractice against them. He contends he specifically told them that he would not agree to any continuance of his criminal proceedings; however, the court continued some of his hearings. It appears that at least one of those delays was to restore Plaintiff's competence to stand trial. He claims he was working undercover as a federal agent when he downloaded or viewed child pornography but his attorneys refused to present this argument. He states they allowed the county to open his legal mail, failed to contest the warrant, failed to argue entrapment, failed to ask questions of him on the witness stand, failed to help him make photocopies for other lawsuits, failed to utilize his medical concerns in mitigation, failed to assist with jail conditions, failed to move for lower

bond amounts, and failed to secure a haircut for him prior to trial. He further claims they failed to identify him as a witness in the Trump impeachment hearings and other major trials, failed to argue that he was carrying out his federal agent duties when he touched a twelve-year old boy in a store, and failed to argue that he was entitled to diplomatic immunity, presidential immunity, executive privilege, absolute immunity, qualified immunity and United Nations immunity.

Plaintiff's claims against Cuyahoga County focus on the conditions of his confinement in the jail while awaiting trial from 2019 to 2022. He claims the County failed to protect his property or enter him in protective custody as a federal agent, retaliated against him for filing a grievance when a county employee ordered him to wear a mask while exercising outside, violated food standards, had insect and rodent infestations in the jail, failed to give him a competency test and sent him to North Coast Behavioral Health for competency restoration without his legal folders. He claims jail staff sent him to segregation as punishment for having verbal outbursts which he claims were caused by Wellbutrin,. He states that jail staff did not give him a lower bunk assignment which caused him to fall. He contends medical staff prescribed Wellbutrin which caused him to experience side effects. He states jail staff opened his legal mail, refused to make photocopies for him and prevented him from pursuing a lawsuit for trade secret misappropriation. He alleges staff refused to give him copies of the United States Code or the Ohio Revised Code. He states, without explanation, that county personnel used "street justice" in and out of the county. He further claims that county employees refused to allow his mother to step outside to smoke a cigarette while the search warrant was being

executed, denied him leave to proceed *in forma pauperis*, and exposed the nature of his crimes and his involvement as a federal agent to other detainees.

Plaintiff's legal claims are also difficult to decipher. Throughout the body of the Complaint, he randomly cites statutes, often without context. In the beginning of his Complaint, he lists causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and identifies claims under the Eighth, Fourteenth, and First Amendments. (Doc. No. 1 at PageID #: 3). He then states that all of the Defendants are liable for legal malpractice. (Doc. No. 1 at PageID #: 5). Later in the Complaint, he states that Cuyahoga County is liable for damages for forced labor under 18 U.S.C. §§ 1589, 1595 and 2255, and "extortion in violation of Ohio Revised Code § 2905.11 through Ohio Revised Code § 2703.60 and 28 U.S.C. § 1367." (Doc. No. 1 at PageID #: 11). He then states that Cuyahoga County is liable "for violations of 42 U.S.C. § 1981 by failing to give Plaintiff the same treatment or rights, or PC a white or second generation agent would have gotten." (Doc. No. 1 at PageID #: 13). He mentions 42 U.S.C. § 1982 as a claim against the County for "failing to protect Plaintiff's property or enter him into PC as a white agent would have had." (Doc. No. 1 at PageID #: 14). Finally, he asserts that Cuyahoga County is liable for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1964, 1962. He list numerous additional federal statutes, which he appears to allege were predicate acts under the RICO statute.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term

encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint.

### III. ANALYSIS

As an initial matter, the Court is mindful of its duty to accord a more liberal construction to the pleadings of *pro se* litigants. That liberal construction, however, has its limits. Plaintiff's Complaint is composed of a rambling and repetitive narrative with references to numerous state and federal statutes. Neither the Court nor the Defendants are obligated to search through the Complaint in order to glean a clear and succinct statement of each claim for relief. To the contrary, it is Plaintiff's responsibility to identify, edit and organize his claims and supporting allegations into a manageable format. The Court will address the claims which it identified in the Complaint. To the extent Plaintiff intended to assert another claim which this Court does not address, he failed to adequately identify it and it is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff first claims that the Defendants violated his First, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. §1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Public defenders and private defense attorneys are not state actors against whom claims can be asserted

-6-

under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Plaintiff's claims against Mr. Shaughnessy, Mr. Cavallo and Mr. Botnick under § 1983 are dismissed.

Plaintiff also fails to state a claim against Cuyahoga County under 42 U.S.C. § 1983. These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691. Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*, meaning that he cannot sue the County for the actions of its employees. *Id.* at 692-94. The claims must be based on the County's own wrong-doing. Therefore, to demonstrate that the County's policies or customs caused constitutional harm, the Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality (not just to an employee or official of the County), and (3) show that his particular injur[ies] w[ere] incurred due to execution of that policy." *Brawner v. Scott Cty.*, 14 F.4th 585, 598 (6th Cir. 2021)(quoting *Morgan v. Fairfield County*, 903 F.3d 553, 566 (6th Cir. 2018) (internal quotations omitted).

Although Plaintiff liberally uses the words "custom" and "policy" in his Complaint, he does not actually identify a custom or policy and connect it to Cuyahoga County. Rather, the actions he uses to form the basis of his claims are those of various County employees. Simply tacking the words "custom" or "policy" to allegations of employee behavior does not bypass the

bar of *respondeat superior* liability in §1983 claims. *Iqbal*, 556 U.S. at 678. Plaintiff's claims against Cuyahoga County under 42 U.S.C. § 1983 are dismissed.

Plaintiff also asserts claims against Cuyahoga County under 42 U.S.C. §§ 1985 and 1986. To state a claim for conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985, Plaintiff must allege that two or more persons conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003). Claims under § 1985 cannot be premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Plaintiff must allege sufficient facts to link two or more alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993).

Plaintiff fails to state a claim for relief under 42 U.S.C. § 1985. First, a conspiracy under §1985 requires two or more people. Cuyahoga County cannot conspire with itself. In addition, §1985 only addresses conspiracies to deprive the Plaintiff of equal protection based on his race or membership in a protected class. Plaintiff fails to allege facts that race was a motivating factor in any of Cuyahoga County's decisions. His claims under 42 U.S.C. § 1985 are dismissed.

Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Because Plaintiff failed to state a claim under § 1985, his claims for relief under §1986 must also be dismissed.

Plaintiff next indicates he may be asserting a claim against Cuyahoga County under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in the making and enforcement of contracts. This cause of action, however, does not extend to municipalities. *See Arendale v. City of Memphis*, 519 F.3d 587, 594 (6th Cir. 2008). As this claim is only asserted against Cuyahoga County, it must be dismissed. Moreover, there are no allegations suggesting the County discriminated against him in making a contract or in enforcing one. This claim is also dismissed.

Plaintiff mentions 42 U.S.C. § 1982 as a claim against the County for "failing to protect Plaintiff's property or enter him into PC as a white agent would have had." (Doc. No. 1 at PageID #: 14). Section 1982 prohibits racial discrimination in inheriting, purchasing, leasing, selling, holding, and conveying real and personal property. 42 U.S.C. § 1982. To state a claim under § 1982, Plaintiff must allege facts suggesting that: (1) he is a member of a racial minority; (2) Cuyahoga County intended to discriminate on the basis of race; and (3) the discrimination concerned one of the statute's protected activities. *Gerber v. Herskovitz*, 14 F.4th 500, 510-11 (6th Cir. 2021); *Johnson v. City of Ecorse*, 137 F. Supp. 2d 886, 890–91 (E.D. Mich. 2001). The Complaint contains no facts which suggest that Cuyahoga County intended to discriminate against Plaintiff on the basis of his race in connection with his inheritance, purchase, lease, sale,

holding or conveyance of real or personal property. He fails to state a claim under 42 U.S.C. § 1982.

In addition, Plaintiff references violations of 18 U.S.C. §§ 1589, 2255, and 1595. The first statute cited, 18 U.S.C. § 1589, criminalizes human trafficking. Civil actions against human traffickers are permitted under 18 U.S.C. § 1595; however, Plaintiff failed to allege any facts in the Complaint to suggest he was the victim of human trafficking by the Defendants. Being convicted of multiple crimes and sentenced to a term of incarceration is not human trafficking. The other statute cited by Plaintiff, 18 U.S.C. § 2255 provides civil remedies for victims of child sexual exploitation. While Plaintiff claims to have been the victim of sexual abuse as a child, there is no indication that any of the Defendants perpetrated that abuse. He fails to state a plausible claim under these statutes.

Plaintiff attempts to assert a civil RICO claim against Cuyahoga County. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, Section 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

-10-

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in Section 1961(1). 18 U.S.C. § 1961(5).

Plaintiff has two RICO claims. First, he claims Cuyahoga County is liable for damages under RICO because former County Commissioner Jimmy Dimora, former County Auditor Frank Russo, and former Sheriff Gerald McFaul committed acts of corruption. Dimora and Russo resigned in 2010. McFaul resigned in 2009. There is a four-year statute of limitations on RICO claims. *Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). This claim is untimely. Furthermore, Plaintiff fails to allege credible facts to indicate how he was impacted by any of those actions. For his second RICO claim, Plaintiff claims he is the enterprise and Cuyahoga County participated in his affairs through a pattern of racketeering. The Plaintiff, however, cannot be both the enterprise and the victim of the enterprise. He fails to state a claim for relief under RICO.

Finally, Plaintiff cites to numerous Ohio Revised Code provisions and asserts a claim for legal malpractice. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*/s/ Dan Aaron Polster* 10/17/2024
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.